UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DUNAGAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID BAUGHMAN, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0200 TLN AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has also filed a motion for default judgment. ECF No. 7.

For the reasons stated herein, plaintiff's motion to proceed in forma pauperis will be granted, and his motion for default judgment will be denied as premature. Plaintiff will also be given the opportunity to amend the complaint.

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

2

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.     PLEADING STANDARD

    A.     Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

    B.     Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

IV. PLAINTIFF'S COMPLAINT

Plaintiff claims that in April 2017, his Eighth Amendment rights were violated over a period of ten days by several defendants at California State Prison – Sacramento ("CSP-Sacramento"). His complaint makes one claim of excessive force and multiple claims of deliberate indifference to serious medical need. See ECF No. 1 at 1-11. He seeks damages in the amount of $400,000.00, as well as permanent housing in a medical unit. See id. at 12.

A. Excessive Force: Defendant R. Kendall

Plaintiff states that on April 1, 2017, defendant R. Kendall, who is presumably a correctional officer, used unnecessary, excessive force while restraining plaintiff.[1] Specifically, plaintiff states that Kendall "drop[p]ed his knee on the side of [plaintiff's] face, utilizing his full body weight while [plaintiff] was on the concrete in the prone position non-resistive."[2] ECF No. 1 at 6 (brackets added). As a result of the incident, plaintiff's jaw was dislocated, and it had to be wired shut. See ECF No. 1 at 6.

////

---

[1] Plaintiff neither identifies R. Kendall as a defendant, nor provides his occupational title in the initial pages of his complaint. See ECF No. 1 at 2-4. However, because plaintiff identifies Kendall as the person who dislocated his jaw while restraining plaintiff, and he is the sole actor identified in the first claim (see id. at 6), the court presumes that Kendall is a correctional officer and that plaintiff intended to name him as a defendant. Accordingly, it will direct the Clerk of Court to add him to the list of named defendants.

[2] Plaintiff also states that defendant R. Kendall accused plaintiff of assaulting him and an Officer Petersen with a weapon. Plaintiff was found not guilty of that charge. Instead, he was convicted of the charge of conduct leading to violence. See ECF No. 1 at 6. The court presumes that plaintiff mentions these facts because they are related to the injury that supports his excessive force claim.

B. <u>Deliberate Indifference to Serious Medical Need: Defendants</u>

Plaintiff states that after the incident with defendant Kendall, numerous other defendants (Baughman, Stratton, Phillips, Moore, Miller, Padilla,[3] Flood, Ware, Sharts, Stuhr, Chavez, Morales, Hart, Darling, Brewer, Hughes, Xaysana, Rawls and McGuire[4]) refused to provide him with medical care despite the facts that: (1) he told defendants he was in severe pain; (2) the swelling of his face visibly indicated that he was injured, and (3) plaintiff repeatedly asked for treatment. <u>See</u> ECF No. 1 at 7-10. Plaintiff specifically alleges as follows:

- ➢ Defendant McGuire denied him medical care on April 1, 2017;
- ➢ Defendants Hart, Morales and Sharts laughed at him and told him "Maybe you shouldn't attack cops with weapons" on April 1, 2017;
- ➢ Defendants Morales and Darling failed to answer plaintiff's request for help with his injuries on April 2, 2017, despite his "obvio[u]s facial swelling / deformities";
- ➢ Defendant Padilla asked him, "How's it feel to need green[?]," when plaintiff asked him for help with his jaw on the same day.
- ➢ After speaking with defendant Padilla, plaintiff broke the fire suppression sprinkler. He was then permitted to see defendant Rawls, a licensed psychiatric technician. As a result, defendant Padilla instructed defendant Rawls to "put [plaintiff] on [the] RN [sic] line" for April 3, 2017;
- ➢ On April 3, 2017, defendants Brewer and Miller told plaintiff, "Inmates who attack cops with weapons don't got s[**]t coming," after plaintiff asked for medical assistance from them;
- ➢ At plaintiff's R.N. appointment on April 3, 2017, to which he was accompanied by defendants Flood and Ware, defendant Flood told him that he was not at the R.N. for his jaw injury; he was to "deal with the issues at hand." When plaintiff ignored defendant

---

[3] Throughout the complaint, plaintiff references a correctional officer named "Paddilla." <u>See generally</u> ECF No. 1. The court believes that this is a misspelling and that the correct spelling should be "Padilla." If the spelling of "Paddilla" is in fact correct, plaintiff is directed to notify the court of this fact.

[4] Unless otherwise indicated, all defendants listed herein are correctional officers at CSP-Sacramento.

5

Flood's statement and continued to complain about his jaw issues, defendant Ware told plaintiff, "You got one more time before your [sic] done in here." When plaintiff continued to complain about his jaw, his medical appointment was cancelled, and he was put in a holding cell;

- On the next shift, when plaintiff asked for medical treatment from defendant Stuhr, defendant Stuhr stated, "I can't go against my partners," and when plaintiff asked defendant Stuhr for a sick call slip, he told plaintiff, "I can't do that.";
- When plaintiff asked defendant Xaysana for help with his jaw injury, defendant Xaysana laughed at plaintiff and told him, "Just kill [yourself] already," and walked away.
- After defendant Xaysana's statement to plaintiff, plaintiff slit his wrists and was later found with his cell windows covered and blood pooled in front of his cell door.

See ECF No. 1 at 5, 7-8 (brackets added). When plaintiff was found, he was sent to medical and then to the hospital. See id. at 8. There, it was officially determined that plaintiff had a dislocated jaw. See id.

Plaintiff states he was returned to prison on April 4, 2017. See ECF No. 1 at 8. Thereafter, plaintiff alleges each of the named defendants did the following:

- When plaintiff asked defendants Moore and Miller for help because his jaw had dislocated again while eating, he was threatened with "getting f[****]d up" for having people bang and call "man down" for him;
- Defendants Moore, Miller and Hughes refused to provide plaintiff with a sick call slip;
- On the next shift, when plaintiff also asked defendant Xaysana for help, he told plaintiff, "You ain't got s[**]t coming.";
- Defendants Stuhr and Sharts refused to provide plaintiff with medical assistance when he asked them;
- On April 5, 2017, when plaintiff told defendants Brewer, Moore, Miller and Hughes that he was in serious need of medical care and asked them for help, he was told that he would see the dentist the next day if he "stay[ed] quiet" until the next shift;
- When the next shift came and plaintiff again asked for medical help and a sick call slip,

6

| | |
|---|---|
| 1 | defendants Stuhr and Sharts told him, "[Second] watch told you already[:] [S]tay quiet |
| 2 | and you'll see the dentist in the morning." |

See ECF No. 1 at 8-9 (brackets added).

On April 6, 2017, plaintiff saw the dentist. See id. at 9. There, brackets were glued to his teeth and rubber bands were attached to keep his jaw in place. See id. Thereafter, plaintiff states that each of the named defendants did the following:

- ➢ When plaintiff told defendant Chavez that he was unable to eat regular food because of his dental procedure, defendant Chavez replied, "Oh well." As a result, plaintiff held his dinner trays;

- ➢ Thereafter, when plaintiff asked defendants Chavez, Stuhr and Sharts to see medical, his request was denied;

- ➢ When plaintiff complained to defendant Rawls at pill call, her response was, "So what do you want me to do?" Plaintiff states that defendant Rawls then went on to lie to her supervisor, telling him/her that plaintiff did not have an order for liquid nutritional supplements. He states that defendant Rawls also withheld his pain medication from him at the request of defendant Chavez;

See ECF No. 1 at 9.

On April 7, 2017, and April 8, 2017, plaintiff states that he asked for medical help from defendants Flood, Padilla and Moore on the second shift, and from defendants Morales, Sharts, Stuhr and Chavez on the third shift, to no avail. On April 9, 2017, another inmate gave plaintiff a sick call slip and submitted it for him. See id. At that time, plaintiff contends that defendant Morales continued to ignore his request for assistance. See id.

Eventually, because of the sick call slip, plaintiff was escorted to a clinic by defendants Sharts, Morales and Phillips. When plaintiff told defendant Phillips, an ad seg third-watch sergeant, about the actions of his staff, defendant Phillips "laughed and told defendant Morales they're doing good work." See ECF No. 1 at 5, 9.

Plaintiff states that he was able to file a CDCR 602 appeal, which effectively made defendant Stratton, an ad seg supervisor, aware of plaintiff's situation. His issues, however, went

unresolved by Stratton. See id. at 9-10. Ultimately, he was able to file a grievance on April 10, 2017, only after he was placed in outpatient housing after seeing an oral surgeon at U.C. Davis Medical Center and having his jaw wired shut. See id. at 10. Plaintiff contends that as the warden of CSP-Sacramento, defendant Baughman is responsible for staff conduct and for the welfare of inmates. See id.

      C.    Deliberate Indifference to Serious Medical Need: Defendants Felders and Rawls

In plaintiff's last claim, he reiterates his statement regarding defendant Rawls' failure to assist him with getting treatment. See ECF No. 1 at 11. Plaintiff also points out that defendant Felders, Chief Executive Officer over the medical department at CSP-Sacramento, hires the medical staff at CSP-Sacramento and is responsible for the actions of his/her healthcare staff. See id. at 5, 11. Plaintiff appears to argue that as a supervisor, defendant Felder is responsible for defendant Rawls' actions. See id. at 11.

V.    LEGAL STANDARDS

      A.    Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (brackets added) (referencing Whitley v. Albers, 475 U.S. 312 (1986)).

"[T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation." Hudson, 503 U.S. at 7 (internal quotation marks omitted) (citing Whitley 475 U.S. at 321. "When determining whether the use of force was wanton and unnecessary, evaluating the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response may also be proper to evaluate. See Hudson, 503 U.S. at 7 (citation omitted). The

8

absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it. Hudson, 503 U.S. at 7.

"[N]ot every malevolent touch by a prison guard gives rise to a federal action." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (brackets added) (internal quotation marks omitted) (citing Hudson. 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins, 559 U.S. at 37-38 (citation omitted). "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38. (citations omitted) (internal quotation marks omitted).

While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9 (citing Whitley, 475 U.S. at 327). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins, 559 U.S. at 38.

  B. Deliberate Indifference to Serious Medical Need

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong . . . "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Lemire v. CDCR, 726 F.3d

1062, 1082 (9th Cir. 2013); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See Farmer, 511 U.S. at 844-45; see also Simmons v. Navajo County Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference).

The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Then, he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. See id. at 835.

VI. DISCUSSION

A. Excessive Force

Plaintiff has made a cognizable excessive force claim against defendant Kendall. He has alleged that his Eighth Amendment right to be free from the use of excessive force was violated when Kendall, while restraining plaintiff, used enough force to dislocate plaintiff's jaw, despite the fact that plaintiff was not resisting him. The injury and type of force alleged here is sufficient to establish an actionable claim. Therefore, plaintiff may procced with it.

B. Deliberate Indifference to Serious Medical Need

1. Defendants Against Whom Plaintiff Has Made Cognizable Claims

The court finds that plaintiff has also presemted cognizable deliberate indifference claims against defendants Phillips, Moore, Miller, Padilla, Flood, Ware, Sharts, Stuhr, Chavez, Morales, Hart, Darling, Brewer, Hughes, Xaysana, Rawls, and McGuire. A dislocated jaw is a serious medical issue. Plaintiff's allegations that over the course of ten days, each of these defendants were aware of it, played a part in failing to ensure plaintiff was promptly treated for it, and did so actively and with intent, support the court's finding that a cognizable claim exists. Therefore,

these claims may proceed against these defendants.

2. <u>Defendants Against Whom Plaintiff Has Not Made Cognizable Claims</u>

Plaintiff has not stated cognizable claims against defendant Baughman, who is the warden of CSP-Sacramento, or defendant Stratton, the second watch sergeant. Baughman cannot be vicariously liable for his employees' acts in a Section 1983 claim under a theory of respondeat superior. <u>See</u> <u>Iqbal</u>, 556 U.S. at 676. Neither Stratton's awareness of plaintiff's 602 appeal (<u>see</u> ECF No. 1 at 15), nor Baughman's review of plaintiff's appeal forms (<u>see</u> <u>id.</u> at 16, 22) can support liability. <u>See</u> <u>Penilton v. Spearman</u>, No. 3:16-cv-4573 JCS (PR), 2018 WL 4355919, at *1 (N.D. Cal. Sept. 10, 2018) (brackets added) ("The mere fact that [plaintiff] filed a 602 appeal is not sufficient to show that defendants knew of or participated in the alleged violations."); <u>see also</u> <u>James v. Wilber</u>, No. 1:08-cv-0351 LJO DLB PC, 2009 WL 256555, at *4 (E.D. Cal. Feb. 4, 2009) ("Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.") (citation omitted). As a result, the claims against defendants Baughman and Stratton, as currently pled, may not proceed.

Plaintiff has not made a cognizable claim against defendant Felders, defendant Rawls' supervisor, either. Even though Felders is the hiring authority and supervisor of all CSP-Sacramento medical staff, plaintiff has not alleged any facts that indicate that s/he personally participated in the deprivation of his Eighth Amendment rights under the Constitution. <u>See</u> <u>Jones</u>, 297 F.3d at 930; <u>see also</u> <u>Ortez</u>, 88 F.3d at 809 (personal participation and actual link requirements). Therefore, the claim against defendant Felders, as currently pled, may not proceed.

If plaintiff believes that there are additional facts that demonstrate that these three defendants personally participated in the deprivation of his constitutional rights, he must clearly state them in any amended complaint he files. Otherwise, Baughman, Stratton and Felders will be dismissed as defendants.

VII. <u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

On May 18, 2018, plaintiff filed a motion for default judgment. ECF No. 7. The motion asks that judgment be entered in his favor. <u>See</u> <u>id.</u> at 1. All viable defendants in this case have

yet to be identified and served in this action. Therefore, this motion is premature. Consequently, it will be denied as such.

VIII.   OPTIONAL LEAVE TO AMEND

Plaintiff will be given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Therefore, an amended complaint must include all the information that plaintiff wants the court to consider, and may not refer to or rely on the original complaint.

Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

IX.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your complaint has made claims against several defendants that are suitable to proceed. However, because your claims against other defendants are not able to proceed, you are being given an opportunity to file an amended complaint.

You do not have to amend.  If you prefer, you may choose to limit your case to the claims and defendants that the court has identified as ready to go forward.  In that case, the court will order service right away.  If you wish to file an amended complaint, the court will wait to serve any defendants until it has screened the amended complaint.

The court is sending you a form that you can use to tell the court what you want to do. Please fill it out and return it to the court within fourteen days of the date of this order.  If you choose to amend the complaint, you will have thirty days from the date of your filing of the notice form to file a first amended complaint

Your motion for a default judgment is being denied because you filed it too early.  None of the defendants have been served yet, so they do not know about your lawsuit and have not had a chance to respond to your claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed January 30, 2018 (ECF No. 2), is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Plaintiff's motion for default judgment, filed May 18, 2018 (ECF No. 7), is DENIED as premature;

4. Within fourteen days of the date of this order, plaintiff shall complete and file the attached Plaintiff's Notice on How to Proceed form, and

5. The Clerk of Court is directed to add R. Kendall to the list of named defendants on the docket of this action.

DATED: February 11, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| BRIAN DUNAGAN, | No. 2:18-cv-0200 TLN AC P |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

<u>CHECK ONE:</u>

____ Plaintiff would like to proceed immediately on his Eighth Amendment claims against defendants Kendall, Phillips, Moore, Miller, Padilla, Flood, Ware, Sharts, Stuhr, Chavez, Morales, Hart, Darling, Brewer, Hughes, Xaysana, Rawls, and McGuire. By choosing to go forward without amending the complaint, plaintiff: (1) requests dismissal without prejudice of the claims against defendants Baughman, Stratton and Felder.

____ Plaintiff would like to amend the complaint.

DATED: _____

BRIAN DUNAGAN
Plaintiff Pro Se